UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDWARD L. MATHEWS, | |
| Petitioner, | Case No. 18-CV-1810-JPS |
| v. | |
| PAUL KEMPER, | |
| Respondent. | **ORDER** |

Petitioner filed this action on November 15, 2018, asserting a claim for ineffective assistance of counsel, a claim based on state procedural law, and a confusing claim regarding an alleged lack of jurisdiction in the state court. (Docket #1). The Court dismissed the second claim, based entirely on state law, at screening. (Docket #5 at 5). The Court also found that Petitioner had failed to exhaust his state court remedies as to his third claim, based on an alleged lack of jurisdiction. *Id.* at 5–6. The Court directed Petitioner to choose one of three options to move forward: 1) dismiss his petition and return to state court to exhaust his remedies there, 2) move for a stay of this action while he returns to state court, or 3) proceed only on his first claim, for ineffective assistance, which has been properly exhausted. *Id.* at 6. Petitioner has elected for the second route; he filed a motion to stay this action on February 4, 2019. (Docket #6).

A stay and abeyance is appropriate when "the petitioner had good cause for his failure to exhaust all claims and. . .the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)); *Arrieta v. Battaglia*,

461 F.3d 861, 866–67 (7th Cir. 2006). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Requiring a showing of good cause before entertaining a stay is critical because staying a federal habeas petition: (1) frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Rhines*, 544 U.S. at 270. It is for this reason that the Supreme Court has emphasized that a "stay and abeyance should be available only in limited circumstances." *Id.*

The Court finds that Petitioner is not entitled to a stay and abeyance of this action in order to exhaust his remedies as to his third claim. As the Court explained in its screening order, Petitioner was required to establish that he "had good cause for his failure to exhaust, his unexhausted claim [is] potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Though he bears the burden to prove these elements, Petitioner's three-page motion waxes on incomprehensibly about his jurisdictional concerns, without any citations to law or evidence.

In any event, Petitioner has clearly failed to meet the first two elements. As to the first element, Petitioner barely mentions the issue. The only cause Petitioner cites for his failure to exhaust the claim is that he believes his state court attorneys should have raised the matter previously. But this does not explain why *Petitioner* did not raise the issue himself in a motion for post-conviction relief, even if he had a disagreement with his

attorneys about presenting the claim. Petitioner certainly had ample time to do so between the rejection of his appeal to the Wisconsin Supreme Court and the filing of this case. *See* (Docket #5 at 2).

Petitioner's request for a stay also fails on the second element. In the screening order, the Court noted that Petitioner's jurisdictional claim was unclear. The instant motion helps explain the claim, but not to Petitioner's benefit. Petitioner's rambling argument about a lack of jurisdiction coupled with assertions about his nationality evoke the "sovereign citizen" movement, something this Court has dealt with many times. The movement generally contends that adherents are not citizens of the United States, and are either citizens of some fantastical non-existent entity (like the Moroccan Empire) or are somehow completely independent of any nation. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *Williams El v. City of Sheboygan*, No. 18-CV-293-JPS, 2018 WL 2416582, at *2–3 (E.D. Wis. May 29, 2018). While believers contend that this sets them outside the jurisdiction of courts and law enforcement, they are flat wrong. *Id.* Petitioner's claim, founded on these beliefs, is therefore frivolous.

In light of the foregoing, the Court concludes that Petitioner has not presented the limited circumstances in which a stay and abeyance is appropriate. It will, therefore, deny Petitioner's motion for the same. The Court appreciates that if the instant petition is dismissed, it will "'effectively end any chance at federal habeas review.'" *Tucker*, 538 F.3d at 735 (quoting *Dolis*, 454 F.3d at 725). However, the petition need not end here if Petitioner desires to proceed on his remaining claim regarding ineffective assistance of counsel. In light of the Court's decision to deny his request for a stay and abeyance, Petitioner must decide between the following two options no later than **August 1, 2019**. First, Petitioner may proceed solely on the basis

of his single, properly exhausted claim. However, if he elects this course of action, the Court will consider only the merits of that claim, which would restrict future federal habeas corpus review of Petitioner's unexhausted claims because those claims would then be subject to the AEDPA's limitation on successive filings, as well as AEDPA's one-year statute of limitations. Second, Petitioner may voluntarily dismiss this action and proceed with further motions for post-conviction relief in Wisconsin state court. This choice may limit future federal habeas corpus review of Petitioner's claims in light of the AEDPA one-year statute of limitations, which, as the Court discussed in its screening order, elapsed at or before the time the petition was filed.

Accordingly,

**IT IS ORDERED** that Petitioner's request for a stay and abeyance (Docket #6) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner shall file, no later than **August 1, 2019**, either: (i) a notice indicating that he wishes to proceed on his exhausted claim only; or (ii) a voluntary dismissal of his petition altogether. If Petitioner fails to file such a submission in accordance with the deadline set forth above, his petition will be dismissed without further notice. If Petitioner files a notice indicating that he wishes to proceed on his exhausted claim only, the Court will issue an appropriate briefing schedule.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge